**Marquis Aurbach**
Chad F. Clement, Esq.
Nevada Bar No. 12192
Alexander K. Calaway, Esq.
Nevada Bar No. 15188
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
cclement@maclaw.com
acalaway@maclaw.com
*Attorneys for Petitioners*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ASSURANCEFORENINGEN SKULD (GJENSIDIG) and SKULD MUTUAL PROTECTION AND INDEMNITY ASSOCIATION (BERMUDA) LTD., <br><br>Petitioners,<br><br>vs.<br><br>M&F FISHING, INC., a Nevada Corporation,<br><br>Respondent. | Case Number: 2:23-cv-00960-JCM-BNW <br><br> **ORDER CONFIRMING FOREIGN ARBITRATION AWARD** |

On June 21, 2023, Assuranceforeningen Skuld (Gjensidig) ("Skuld") and Skuld Mutual Protection and Indemnity Association (Bermuda) Ltd. ("Skuld Bermuda") (collectively, "Petitioners") filed their joint Petition and Memorandum of Points and Authorities to Confirm Foreign Arbitration Award. ECF No. 1. Respondent M&F Fishing, Inc. ("Respondent" or "M&F") was served through its designated agent on June 30, 2023. ECF No. 6. Respondent failed to appear and respond to the Petition. ECF No. 7 (Notice of Non-Opposition to Petition to Confirm Foreign Arbitration Award). Venue is proper in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(b) because Respondent is located and incorporated in Nevada.

The Petitioners seek an order confirming the Norwegian Arbitral Tribunal's March 21, 2023 Award in Arbitration Case and separate Cost Recovery in Arbitration Case (both referred to collectively as the "Arbitration Award") attached as Exhibit D to the Declaration

of Atle J. Skaldebø-Rød. ECF No. 2-5. The arbitration proceedings were initiated on July 5, 2022. Arbitration Award ¶4. The Arbitral Tribunal consisted of three members: Former Norway Supreme Court Justice Karin M. Bruzelius (President of the Tribunal), Jon Andersen and Trond Eilertsen. Despite numerous opportunities to do so, the Respondent did not participate in the arbitration proceedings. Arbitration Award ¶¶ 4-19 & 72 (cost submission based, in part, on "defendants lack of participation and cooperation in these proceedings"). Similarly, the Respondent has failed to appear and oppose the Petition after service of the summons and Petition. ECF No. 7.

The Court has considered the written arbitration agreement between the parties, the Arbitration Award and the supporting Skaldebø-Rød Declaration. As the Ninth Circuit has explained, "[f]ederal law permits a party who was victorious in a recognized foreign arbitration proceeding to seek confirmation of the award in the United States under the New York Convention, and the statute gives the courts little discretion when considering such petitions." *Seung Woo Lee v. Imaging3, Inc.*, 283 F. App'x 490, 492 (9th Cir. 2008). If a court has jurisdiction under the New York Convention, it must confirm an arbitration award unless it determines that one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the Convention applies. 9 U.S.C. § 207. Because awards governed by the New York Convention must be confirmed unless one of these narrow grounds applies, "[c]onfirmation is a summary proceeding that converts a final arbitration award into a judgment of the court." *Ministry of Def. and Support for Armed Forces of Islamic Republic of Iran v. Cubic Def. Sys.*, Inc., 665 F.3d 1091, 1094 n.1 (9th Cir. 2011). No such grounds have been presented, or are apparent, from the record before the Court.

The Arbitral Tribunal attempted multiple times to provide the Respondent an opportunity to present its defense. Respondent failed to oppose the claims resolved by the Arbitral Tribunal. Nonetheless, the Arbitral Tribunal evaluated and resolved the merits of the claims before it under applicable Norwegian law (which the Tribunal found replicated

1  the UNCITRAL Model Law), despite Respondent's failure to participate.  Arbitration
2  Award ¶¶11-12, 51-74.
3        Next, under this Court's Local Rules, the Respondent's failure to oppose the Petition
4  is deemed consent to granting the motion.  LR 7-2(d). ("the failure of an opposing party to
5  file points and authorities in response to any motion, except a motion under Fed. R. Civ. P.
6  56 or a motion for attorney's fees, constitutes a consent to granting of the motion."); *see*
7  *also*, 9 U.S.C. § 6 (a petition to confirm under the New York Convention and FAA, like the
8  present Petition, "shall be made and heard in the manner provided by law for the making and
9  hearing of motions ..."); 3 Fed. Proc., L. Ed. § 4:140 (2018) ("Thus, an arbitration award
10 under the Convention may be enforced by filing a petition or application for an order
11 confirming the award supported by an affidavit. The hearing on such a petition or
12 application will take the form of a summary procedure in the nature of federal motion
13 practice."); 9 USC §12 (notice of motion to vacate, modify or correct an arbitration award
14 must be served within three months after the award is filed or delivered); *Traf*
15 *Intercontinental Elektronik-Handels GmbH v. Sonocine, Inc.*, No. 317CV00672LRHWGC,
16 2019 WL 918987, at *3 (D. Nev. Feb. 25, 2019), citing *Sheet Metal Workers Int'l Ass'n,*
17 *Local No. 252 v. Standard Sheet Metal, Inc.,* 699 F.2d 481, 483 (9th Cir. 1983).
18       Therefore, good cause appearing, **IT IS ORDERED** that:
19       The March 21, 2023 Arbitration Award and the companion Cost Recovery in
20 Arbitration Case are **CONFIRMED** in all respects under Section 207 of the Federal
21 Arbitration Act and that **JUDGMENT** against Respondent M&F Fishing, Inc. shall be
22 entered in conformity with the "Award**"** section of the Arbitration Award as follows:

> 1. "M&F Fishing Inc. does not have cover under policy no. 20778555 for the claim brought by Mr. Donald Correia relating to the personal injury allegedly sustained by Mr. Correia in an incident on the FV Koorale on or about 19 June 2017."

(Left margin: MARQUIS AURBACH, 10001 Park Run Drive, Las Vegas, Nevada 89145, (702) 382-0711 FAX: (702) 382-5816)

2. "M&F Fishing Inc. shall pay NOK 984 062 to Assuranceforeningen Skuld (gjensidig) and Skuld Mutual Protection and Indemnity Association (Bermuda) Ltd. for the fees and expenses of their legal representation in this arbitration, together with interest according to the Late Payment Act running from 30 days after the date of the final award until full payment is received."

3. "M&F Fishing Inc. shall pay all costs and expenses of this arbitration, including the fees and expenses of the Arbitral Tribunal, and any other costs or expenses incurred in connection with this arbitration, together with interest according to the Late Payment Act running from 30 days after the date of the final award until full payment is received."

The total amount due under the "Award" No. 3 is NOK 248,738 which shall be reflected in the judgment. Skaldebø-Rød Declaration ¶31 (ECF No. 2).

The Petition's request for an award of post-judgment interest, pursuant to 28 U.S.C. § 1961, that may become due after judgment has been entered in this case is **GRANTED** and shall become part of the judgment.

Dated: August 11, 2023

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE